UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| NICHOLAS NAZAROVECH<br><br>Plaintiff<br><br>vs.<br><br>AMERICAN ELITE RECOVERY, LLC,<br>MARK M. MILLER, and<br>JOHN DOES 1-10<br><br>Defendants | CIVIL CASE NO.:<br>1:18-CV-00836-TSB<br><br>THE HONORABLE<br>UNITED STATES DISTRICT JUDGE<br>TIMOTHY S. BLACK |

**MOTION OF ATTORNEYS MICHAEL J. PALUMBO AND ANTHONY J. GINGO AND THE LAW FIRM OF GINGO PALUMBO LAW GROUP LLC TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS, AMERICAN ELITE RECOVERY, LLC, AND MARK M. MILLER**

Now come Attorneys Michael J. Palumbo and Anthony J. Gingo and the law firm of Gingo Palumbo Law Group LLC (the "Firm"), and respectfully request an Order, pursuant to Local Civil Rule 83.4 of the United States District Court for the Southern District of Ohio and Rule 1.16(b) of the Ohio Rules of Professional Conduct, permitting said Attorneys and Firm to withdraw as counsel of record for Defendants, American Elite Recovery, LLC and Mark M. Miller (collectively the "Defendants"), in the within action.

The grounds for withdrawing as counsel of record on behalf of Defendants are more fully set forth in the accompanying Memorandum, Declaration of Michael J. Palumbo, and Declaration of Brendan H. Little, all of which are being filed contemporaneously herewith and incorporated herein by reference.

MEMORANDUM

1. On or about May 28, 2019, Attorney Michael J. Palumbo became aware of

circumstances which prevent the Firm from continuing to represent Defendants in the within action.

 2. Rule 1.16(b)(5) of the Ohio Rules of Professional Conduct permits a lawyer to withdraw from the representation of a client if any of the following applies:

> (5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or] . . .
>
> (6) the representation wil result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; [or] . . .
>
> (9) other good cause for withdrawal exists.

 3. Local Civil Rule 83.4 of the United States District Court for the Southern District of Ohio states as follows:

> Trial Attorney and Co-Counsel.
>
> (a) **Designation and Responsibilities**. Unless otherwise ordered, in all actions filed in, transferred to, or removed to this Court, all parties other than pro se parties must be represented at all times by a "trial attorney" who is a permanent member in good standing of the bar of this Court. Each filing made on behalf of such parties shall identify and be signed by the trial attorney. The trial attorney shall attend all hearings, conferences, and the trial itself unless excused by the Court from doing so. Admission pro hac vice does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.
>
> (b) **Service**. All notices and communications from the Court and all documents required to be served on other parties by these Rules and by the Federal Rules of Civil Procedure shall be served upon the trial attorney. (See also S.D. Ohio Civ. R. 5.2, "Certificate of Service".) Trial attorneys are responsible for notifying co-counsel or associate counsel of all matters affecting the action.
>
> (c) **Withdrawal or Substitution of Trial Attorney**. A trial attorney may be allowed to withdraw or a new trial attorney substituted only

by filing either a motion under (c)(2) or notice under (c)(3) of this Rule.

(1)  **How accomplished**. To withdraw from a case, a current trial attorney must file a motion under (c)(2) of this Rule and obtain a court order granting the motion under (c)(4) of this Rule or file a notice under (c)(3) of this Rule, if a notice is applicable. To withdraw as the designated trial attorney but not from the case, a current trial attorney must file a motion under (c)(2) and obtain a court order granting the motion under (c)(4) of this Rule or file a notice under (c)(3) of this Rule, if a notice is applicable. Unless an order to the contrary is issued, the attorney seeking leave to withdraw shall continue to perform the functions of the trial attorney while the motion is pending.

(2)  **Motion**. A motion to withdraw shall meet the following requirements: (1) it must be served upon the client, and the certificate of service must so state; (2) it must assert that good cause, as defined by the Rules of Professional Conduct, exists to permit the withdrawal; and (3) it must be accompanied by an affidavit or other evidence supporting the assertion of good cause. If the evidence relied upon in support of the motion would be detrimental to the client's interest if disclosed to the other parties, the withdrawing attorney shall move for an order that the evidence be filed in camera and under seal.

(3)  **Notice**. The current trial attorney may withdraw either from the case or from the designation as trial attorney by filing a notice that is signed by (1) the current, withdrawing trial attorney; (2) the client; and (3) a new, substituting trial attorney. If the substituting trial attorney is a member of the same partnership, legal professional association, or governmental attorney group as the trial attorney to be substituted for and the notice affirmatively states that the substitution is made with the client's knowledge and consent, the client's signature is not required. If the withdrawing trial attorney is a governmental attorney who has undergone a change in employment status that renders him or her ineligible to continue representing the governmental parties in the case, a new trial attorney may be

3

substituted through the filing of a notice that so states, that is signed by new trial counsel, and that affirmatively indicates that the substitution is made with the client's knowledge and consent.

(4) **Order on Withdrawal or Substitution**. The Court will grant a motion to withdraw or substitute upon good cause shown and may impose terms or conditions upon any withdrawal or substitution. The Court will not ordinarily grant a motion for leave to withdraw until the client has been given an opportunity to respond to the motion unless the motion demonstrates that the client agrees to the withdrawal and/or has terminated the services of the withdrawing attorney. The Court will ordinarily not permit a trial attorney to withdraw from an action within twenty-one days of trial or the date set for a hearing on any motion for judgment or dismissal. The substitution of a trial attorney, even if it is allowed within twenty-one days of a trial or hearing, does not automatically entitle a party to the postponement of the trial or hearing.

4. The Declaration of Michael J. Palumbo, attesting to having good cause for the requested withdrawal, pursuant to Rule 1.16(b)(b) of the Ohio Rules of Professional Conduct, is attached hereto and incorporated herein by reference as <u>Exhibit 1</u>.

5. The Declaration of Brendan H. Little is attached hereto and incorporated herein by referenced as <u>Exhibit 2</u>.

WHEREFORE, for the aforementioned reasons, Attorneys Michael J. Palumbo and Anthony J. Gingo and the law firm of Gingo Palumbo Law Group LLC, respectfully request an Order, pursuant to Local Rule 83.15, (a) permitting said Attorneys to withdraw as counsel of record for Defendants, American Elite Recovery, LLC and Mark M. Miller, in the within action, (b) relieving said Firm of any further obligations on behalf of said Defendants, (c) providing said Defendants with 60days to retain successor counsel, and (d) for such further and other relief as the

Court deems just and proper.

                    Respectfully submitted by:

                    *s/ Michael J. Palumbo*
                    _____
MICHAEL J. PALUMBO, ESQUIRE
Ohio Attorney Registration #0081718
ANTHONY J. GINGO, ESQUIRE
Ohio Attorney Registration #0085669
Gingo Palumbo Law Group LLC
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
E-Mails: michael@gplawllc.com
         anthony@gplawllc.com
*Counsel for Defendants, American Elite Recovery, LLC and Mark M. Miller*

5

CERTIFICATE OF SERVICE

The undersigned attorney for Defendants, American Elite Recovery, LLC and Mark M. Miller, certifies the following:

1. The ***Motion of Attorneys Michael J. Palumbo and Anthony J. Gingo and the Law Firm of Gingo Palumbo Law Group LLC to Withdraw as Counsel of Record on Behalf of Defendants, American Elite Recovery, LLC and Mark M. Miller*** was electronically filed on the date above through the CM/ECF Filing System of the United States District Court for the Southern District of Ohio (Cincinnati Division).

2. The Parties appearing on the Notice of Electronic Filing, and as noted below, may access the foregoing and aforesaid pleading through the CM/ECF system:

    Anthony J. Gingo, Esquire, anthony@gplawllc.com
    Jonathan L. Hilton, Esquire, jhilton@hiltonparker.com
    Michael J. Palumbo, Esquire, michael@gplawllc.com

3. A true and accurate copy of the foregoing pleading was served on the date above via UPS second day delivery and United States regular mail, postage prepaid, upon the following:

    UPS Tracking #1Z 52X 6X7 35 9827 1411
    USPS Certified Mail Article #7017-2620-0000-9470-4960
    American Elite Recovery, LLC
    1561 Kenmore Avenue, Buffalo, New York 14217

    UPS Tracking #1Z 52X 6X7 35 9158 8280
    USPS Certified Mail Article #7017-2620-0000-9470-4977
    Mark M. Miller
    1561 Kenmore Avenue, Buffalo, New York 14217

*s/ Michael J. Palumbo*
_____
Michael J. Palumbo, Esquire
Anthony J. Gingo, Esquire
*Counsel for Defendants, American Elite Recovery, LLC and Mark M. Miller*