# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| NICHOLAS NAZAROVECH, | Case No. 1:18-cv-836 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| AMERICAN ELITE RECOVERY, LLC, *et al.*, | |
| Defendants. | |

## ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER VENUE (Doc. 42)

This case is before the Court on Plaintiff Nicholas Nazarovech's motion to transfer venue from the Southern District of Ohio to the Western District of New York (the "Motion to Transfer Venue" or the "Motion"). (Doc. 42).

## I. BACKGROUND

Plaintiff filed this case on November 29, 2018. (Doc. 1). In his First Amended Complaint, Plaintiff alleges that Defendants[1] have violated the FDCPA, the CSPA, and the OCPA, as well as Ohio common law, by engaging in a conspiracy of illegal debt collection activities.[2] (Doc. 12 at ¶¶ 1–8). Plaintiff is a resident of the Southern District

---

[1] The term "Defendants" refers to: American Elite Recovery, LLC, American Recovery Systems, LLC, Mark Miller, Scott Santorio, Kayla D'Angelo, and Craig Martynkiewicz. (Doc. 12 at 1). Plaintiff's Amended Complaint names two additional Defendants (American Recovery Systems-ARS, Inc. and Stacey Ciliberto). (*Id.*) However, both of these additional Defendants have been dismissed from this case, pursuant to an Order from this Court. (Not. Order, Oct. 16, 2019).

[2] The "FDCPA," the "CSPA," and the "OCPA" are the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.*, and the Ohio Corrupt Practices Act, Ohio Rev. Code § 2923.32(A)(1), respectively.

of Ohio. (*Id.* at ¶ 11). All of the Defendants appear to reside in the Western District of New York.[3] (*Id.* at ¶¶ 12–18; *see* Docs. 5, 6, 15, 17, 18, 19).

On December 10, 2019, Plaintiff filed the Motion to Transfer Venue. (Doc. 42). In the Motion, Plaintiff asks the Court to transfer this case from the Southern District of Ohio to the Western District of New York, where his counsel is litigating a similar case against two of the same Defendants: *Gill, et al. v. American Elite Recovery, LLC, et al.*, No. 1:19-CV-1058 (W.D.N.Y). (*Id.* at 1). Defendants have not filed a response in opposition to the Motion. Nor have they otherwise contacted the Court to oppose it.[4]

The Motion is now ripe for adjudication. (Doc. 40 at 2).

## II. STANDARD OF REVIEW

Section 1404(a), which governs change of venue, provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, section

---

[3] Plaintiff has alleged that all of the Defendants are located in the Western District of New York. (*See* Doc. 12 at ¶¶ 12–18; Doc. 42 at 3). Defendant American Elite Recovery, LLC has admitted that it maintains its principal place of business in Buffalo, NY. (Doc. 12 at ¶ 12; Doc. 29 at ¶ 12). And all of the Defendants were served in Buffalo, NY. (Docs. 5, 6, 15, 17, 18, 19).

[4] At present, none of the Defendants is represented by counsel. The Court has taken great care to: (1) notify the individual Defendants that they are fully entitled to retain counsel as they proceed in this case; and (2) notify the corporate Defendants that they are <u>absolutely required</u> to retain counsel as they proceed in this case. (*See* Doc. 40 at 2 (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (stating that "a corporation may appear in the federal courts only through licensed counsel"))). Moreover, the Court has taken great care to ensure that all of the Defendants have adequate time to retain counsel. (*See* Min. Entry and Not. Order, Nov. 4, 2019; Doc. 40 at 2). Nonetheless, at present, all of the Defendants remain unrepresented.

1404(a) sets forth a two-step inquiry: (A) whether the case could have been brought in the transferee court; and (B) whether the proposed transfer is convenient and just. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012).

The moving party bears "the burden of establishing the need for a transfer of venue." *Id.* The district court has the broad discretion to determine whether a transfer of venue is proper. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

### III. ANALYSIS

Here, the proposed transfer is proper under section 1404(a)'s two-step inquiry. Accordingly, the Motion to Transfer Venue should be granted. (Doc. 42).

As an initial matter, this case could have been brought in the transferee court. The transferee court (like this one) has original jurisdiction over Plaintiff's FDCPA claim and supplemental jurisdiction over Plaintiff's Ohio claims. (*See* Doc. 12 at ¶¶ 1–2, 9, 36–85); 28 U.S.C. §§ 1331, 1367. And none of the Defendants has contested the existence of personal jurisdiction or the propriety of venue in the Western District of New York. *Cf. Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 1:15-CV-818, 2016 U.S. Dist. LEXIS 77157, at *5 (S.D. Ohio June 14, 2016) (concluding that the first step, of section 1404(a)'s two-step inquiry, was satisfied when the transferee court had subject matter jurisdiction, and none of the defendants had contested the existence of personal jurisdiction in the new location).

Moreover, the proposed transfer is convenient and just. To determine whether a proposed transfer is convenient and just, courts have considered a variety of factors, such as: the convenience of the parties and witnesses; the accessibility of evidence; the

3

availability of process to make reluctant witnesses testify; the costs of obtaining willing witnesses; the practical problems of trying the case most expeditiously and inexpensively; and the interests of justice. *See Reese*, 574 F.3d at 320. Additionally, courts have noted that "the interests of justice are served by transferring [a] case to [a] court that is already familiar with the parties and the legal issues." *See Burhans v. Merrill Lynch Pierce Fenner & Smith*, No. 2:96-CV-75720, 1997 U.S. Dist. LEXIS 6666, at *7 (E.D. Mich. Mar. 12, 1997).

Here, the Court concludes that the aforementioned factors weigh in favor of the proposed transfer. Three points lend particular force to this conclusion. First, all of the Defendants appear to reside in the Western District of New York. (Doc. 12 at ¶¶ 12–18; *see* Docs. 5, 6, 15, 17, 18, 19). Thus, the proposed transfer would convenience most of the parties involved in this case. Second, a similar case is already pending in the Western District of New York against two of the same Defendants. Thus, the proposed transfer would allow a court that is already familiar with some of the parties/issues involved in this case to resolve the same. *Burhans*, 1997 U.S. Dist. LEXIS 6666, at *7. And third, on the Court's review, none of the Defendants would suffer prejudice as a result of the proposed transfer. Indeed, none of them has even objected to the same.

## IV. CONCLUSION

Based upon the foregoing, the Motion to Transfer Venue (Doc. 42) is hereby **GRANTED**. Accordingly, this case is hereby **TRANSFERRED** from the Southern District of Ohio to the Western District of New York, for reassignment to a Judge at that location; and this case is terminated in this Court.

The Clerk shall serve a copy of this Order upon Defendants via certified mail.

**IT IS SO ORDERED.**

Date: 1/30/2020                                  *s/ Timothy S. Black*
                                                 Timothy S. Black
                                                 United States District Judge